IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 09-190 |
| | ) | |
| MICHAEL COTTER | ) | |

## MEMORANDUM AND ORDER OF COURT

Presently before the court is defendant Michael Cotter's Motion for Early Termination of Probation (Document No. 88) and the government's Response in opposition to defendant's motion (Document No. 89). For reasons explained below, defendant's motion will be denied.

On June 6, 2009, defendant was charged in a one-count indictment with possession of child pornography, in violation of 18 U.S.C. §2252(a)(4)(B). On December 15, 2010, defendant changed his plea to guilty and was sentenced by this court to a 5-year term of probation, which included a condition that he reside at the Renewal Center for 12 months and 1 day, and he was ordered to pay a $7,500 fine and a $100 special assessment. Defendant now seeks early termination of his probation, which is scheduled to expire on December 14, 2015.[1]

Pursuant to 18 U.S.C. §3564(c), the court may, after considering the applicable factors set forth in §3553(a), terminate a term of probation at any time after the expiration of one year of probation if the court is satisfied that termination is warranted by the conduct of the defendant and the interest of justice. In making this determination, §3564(c) directs the court to consider many

---

[1] Although the sentence of a 5-year term of probation represented a significant downward variance from the advisory sentencing guideline range of 37 to 46 months imprisonment, defendant previously filed two motions seeking early termination of the Renewal residency condition of his probation, both of which were denied by the court, and now seeks early termination of his probation entirely.

of the same factors that it previously considered in imposing the initial sentence including: the nature and circumstances of the offense and the history and characteristics of the defendant, 18 U.S.C. §3553(a)(1); the need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, 18 U.S.C. §§3553(a)(2)(B) and (C); the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, 18 U.S.C. §3553(a)(2)(D); the sentencing range applicable to the defendant under the advisory Sentencing Guidelines along with any pertinent policy statement by the United States Sentencing Commission, 18 U.S.C. §§3553(a)(4) and (5); the need to avoid unwarranted sentence disparities among similarly situated defendants, 18 U.S.C. §3553(a)(6); and the need to provide restitution to any victims, 18 U.S.C. §3553(a)(7).

After considering these factors at sentencing, the court imposed a 5-year term of probation. Defendant primarily contends in his motion requesting early termination of probation that he has been compliant with the terms and conditions of probation. Defendant also submits that termination of his probation is warranted because reporting to the probation office, providing certain requested information and undergoing monthly inspections of his home and business are costly, time consuming and stressful. These reasons advanced by defendant do not change the court's determination that the full 5-year period of probation is appropriate.

Although it is commendable that defendant has complied with the conditions of probation that the court imposed, this alone is not enough for the court to find that early termination of probation is warranted by defendant's conduct and in the interest of justice as required by 18 U.S.C. §3564(c). Section 3564(c) does not provide for early termination solely based on defendant's

2

compliance with the terms of probation. In cases involving a request for early termination of supervised release, the Third Circuit has instructed that "early termination . . . should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it." United States v. Laine, 404 Fed. Appx. 571, 573-74 (3d Cir. 2010). As explained in Laine, "[s]imple compliance with the conditions of supervised release [is] expected and not exceptional . . . ." Id. at 574. Likewise, here, defendant's compliance with the terms of probation is neither exceptional nor extraordinary because that is what is required and expected of all defendants.

The other factor that defendant emphasizes in arguing for early termination of probation relates to the cost, inconvenience and stress of having to report to the probation office once a month, provide the probation officer with certain requested information and undergo monthly inspections of his home and business. Defendant's complaints do not convince the court that early termination of probation is warranted in this case. Defendant should note that his situation is not unique because all defendants who are convicted of a federal felony suffer some degree of hardship. Indeed, the hardship to other similarly situated defendants who have been convicted and sentenced by this court for child pornography offenses is arguably much greater than the cost, inconvenience and stress cited by this defendant, as virtually all of those other individuals have been sentenced to a term of incarceration followed by ten or more years of supervised release.

In sum, after considering the factors required by 18 U.S.C. §3564(c), the court is not satisfied that early termination of probation is warranted by defendant's conduct and the interest of justice. Rather, the court finds that continued supervision is appropriate in accordance with the 5-year term of probation originally imposed.

An appropriate order will follow.

AO 72
(Rev. 8/82)

ORDER

AND NOW, this 23rd day of April, 2014, for the reasons set forth in the Memorandum above, IT IS ORDERED that defendant's Motion for Early Termination of Probation (Document No. 88) be, and the same hereby is, denied.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Craig W. Haller
Assistant U.S. Attorney

Paul D. Boas, Esq.
429 4th Avenue
Suite 500
Law & Finance Building
Pittsburgh, PA 15219

United States Probation

AO 72
(Rev. 8/82)